## GRAFFIUS v. WEATHER-SEAL et al.

### No. 10517.

Circuit Court of Appeals, Sixth Circuit.

Jan. 26, 1948.

See also, D.C., 7 F.R.D. 125.

Scott A. Belden and Charles F. Schnee, both of Akron, Ohio, for appellant.

Albert L. Ely, of Akron, Ohio (Albert L. Ely, Ely, Ely & Frye, Bruce W. Bierce, and Brouse, McDowell, May, Bierce & Wortman, all of Akron, Ohio, on the brief), for appellees.

Before HICKS, ALLEN, and MILLER, Circuit Judges.

PER CURIAM.

Appellant, herein called plaintiff, brought suit against appellees, herein called defendants. The complaint contains seventy-three counts, each of which avers a separate cause of action.

That portion of the statute alleged to have been violated is the third paragraph of Sec. 4901 R.S., Title 35, U.S.C.A., § 50, generally called the "False Marking" statute.[1]

It will be observed from the portion of the statute which we have italicized, that, to prove a violation thereof, the plaintiff is required to show, by the weight of the evidence, (1) that there is a false marking upon, or affixation to, an unpatented article of the word "patent" or any word importing that the same is patented, (2) for the purpose of deceiving the public.

The case was heard without the intervention of a jury and at the close of the plaintiff's evidence the court, following Federal

[1] "* * * Who, in any manner, marks upon or affixes to *any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public*, shall be liable, for every such offense, to a penalty of not less than $100, with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed." (Italics ours.)

Rules of Civil Procedure, rule 41(b), 28 U.S.C.A. following section 723c, dismissed the case upon motion of the defendants. Hence this appeal.

The court found that there was no evidence that the particular frames, window frames or door frames, that are covered in the first seventy-two causes of action, were ever impressed with a print that conveyed a message to the public that these particular articles were patented; and it made a similar finding with reference to the particular items set forth in the seventy-third cause of action.

 The court found as a fact—"No testimony was offered by plaintiff which established that any of the doors or windows manufactured by defendant Weather-Seal Manufacturing Company has been marked 'patented' with the intent to deceive the public."

An examination of the record discloses that these findings are not "clearly erroneous" and we are not authorized, therefore, to set them aside. Rule 52, Federal Rules of Civil Procedure. We must give due regard to the opportunity of the District Court to judge of the credibility of the witnesses.

Laying other questions presented to one side, the findings dispose of the appeal, and the decree appealed from is affirmed.